NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DODOCASE VR, INC., FKA DODOCASE, INC., DDC TECHNOLOGY, LLC,**
*Plaintiffs-Appellees*

**v.**

**MERCHSOURCE, LLC, DBA SHARPER IMAGE,**
*Defendant-Appellant*

**THREESIXTY BRANDS GROUP, LLC, DBA SHARPER IMAGE,**
*Defendant*

---

2018-1724

---

Appeal from the United States District Court for the Northern District of California in No. 3:17-cv-07088-EDL, Magistrate Judge Elizabeth D. Laporte.

---

Decided: April 18, 2019

---

GABRIEL I. OPATKEN, NOBLE IP LLC, Chicago, IL, argued for plaintiffs-appellees. Also represented by TIMOTHY J. HALLER, Haller Law PLLC, Chicago, IL.

KYLE BRADFORD FLEMING, Renner Otto, Cleveland,

OH, argued for defendant-appellant. Also represented by MARK JOHNSON.

--------

Before PROST, *Chief Judge,* REYNA and STOLL, *Circuit Judges.*

PROST, *Chief Judge.*

MerchSource, LLC ("MerchSource") appeals the United States District Court for the Northern District of California's order granting Dodocase VR, Inc.'s ("Dodocase") motion for preliminary injunction and ordering MerchSource to attempt to withdraw three PTAB petitions it filed and attempt to dismiss the PTAB proceedings. Having considered the parties' arguments, we affirm the district court's grant of the preliminary injunction. We remand, however, for the district court to modify the preliminary injunction order with new deadlines by which to take the ordered actions.

I

Dodocase was the original owner of U.S. Patent Nos. 9,420,075 ("the '075 patent"); 9,723,117 ("the '117 patent"); and 9,811,184 ("the '184 patent"), generally related to virtual reality headsets. MerchSource is a distributor of consumer products, including virtual reality headsets. On October 4, 2016, Dodocase and MerchSource entered into a Master License Agreement ("MLA") covering the '075, '117, and '184 patents. J.A. 430–36. The MLA included a no-challenge clause and a forum selection clause, reproduced below:

> 6.4 MerchSource shall not (a) attempt to challenge the validity or enforceability of the Licensed IP; or (b) directly or indirectly, knowingly assist any Third Party in an attempt to challenge the validity or enforceability of the Licensed IP except to comply with any court order or subpoena.

. . . .

13.4   The laws of the State of California shall govern any dispute arising out of or under this Agreement, notwithstanding the conflict of laws principles of the State of California . . . THE PARTIES AGREE THAT THE SUBJECT MATTER AND PERSONAL JURISDICTION ARE PROPER IN THE COURTS LOCATED IN SAN FRANCISCO COUNTY OR ORANGE COUNTY, CALIFORNIA AND THAT DISPUTES SHALL BE LITIGATED BEFORE THE COURTS IN SAN FRANCISCO COUNTY OR ORANGE COUNTY, CALIFORNIA.

J.A. 432 § 6.4; J.A. 435 § 13.4.

On October 5, 2017, MerchSource informed Dodocase that MerchSource would no longer pay royalties under the MLA because it believed that all relevant patent claims were invalid. On December 13, 2017, Dodocase filed a complaint against MerchSource in the Northern District of California seeking an injunction to prevent MerchSource from breaching the MLA and infringing the patents and a declaratory judgment that the patents were valid and enforceable. J.A. 65–84.

On January 15, 2018, MerchSource filed petitions requesting *inter partes* review ("IPR") of the '075 patent and post grant review ("PGR") of the '117 and '184 patents (collectively, "the PTAB petitions").

On February 14, 2018, Dodocase filed an amended complaint adding supplemental allegations that MerchSource further breached the MLA's no-challenge and forum selection clauses by filing the PTAB petitions. Shortly thereafter, Dodocase filed a motion for a temporary restraining order and preliminary injunction requesting that the district court order MerchSource to withdraw the PTAB petitions.

On March 23, 2018, the district court granted Dodocase's motion for preliminary injunction. *Dodocase VR, Inc. v. MerchSource, LLC*, No. 17-CV-07088-EDL, 2018 WL 1456718, at *14 (N.D. Cal. Mar. 23, 2018).[1] The district court held that Dodocase was likely to succeed on the merits of its claim that MerchSource breached the forum selection clause when it filed its PTAB petitions. *Dodocase*, 2018 WL 1475289, at *5–10.[2] The district court also held that Dodocase established the other three requirements for a preliminary injunction. *Id.* at *11–12. The preliminary injunction ordered MerchSource to "(1) send the email to the PTAB by Sunday March 25, 2018 requesting a conference call to facilitate the withdrawal of the PTAB Petitions, and (2) if the PTAB grants permission to file motions to dismiss the petitions, then file the motions by 12:00 p.m. on April 3, 2018." *Id.* at *14.

On March 26, 2018, MerchSource filed a notice of appeal with this court. *See* ECF No. 1. The next day, MerchSource filed an Emergency Motion for Stay, requesting a stay of the district court's preliminary injunction order instructing MerchSource to attempt to withdraw the PTAB petitions pending this appeal. *See* ECF No. 4. MerchSource's Emergency Motion for Stay was temporarily granted on March 28, 2018. ECF No. 6. After the

---

[1]    On March 26, 2018, the district court entered an amended order on the preliminary injunction, which was essentially identical to the March 23, 2018 order, except for the location of a case citation. *Dodocase VR, Inc. v. MerchSource, LLC*, No. 17-CV-07088-EDL, 2018 WL 1475289 (N.D. Cal. Mar. 26, 2018).

[2]    The district court rejected Dodocase's argument that it was likely to prevail on the merits of its claim that MerchSource also breached the no-challenge clause, but that is not at issue in this appeal. *See id.* at *4–5.

Emergency Motion for Stay was fully briefed, it was granted on April 25, 2018. ECF No. 22.

With the district court's preliminary injunction stayed, the PTAB proceedings were allowed to continue. On August 22, 2018, the PTAB instituted IPR of the '075 patent (IPR2018-00494) and PGR of the '117 patent (PGR2018-00019) and '184 patent (PGR2018-00020). The PTAB proceedings have continued to progress, and the PTAB is expected to issue its final written decisions in August 2019.

On October 16, 2018, Dodocase sold and assigned the three licensed patents to DDC Technology, LLC ("DDC"). On March 7, 2019, MerchSource filed a Motion and Observation of Mootness, ECF No. 54 ("Motion") in this court. In it, MerchSource argues that because Dodocase assigned the rights in the patent to DDC who became the patent owner in the PTAB proceedings, the preliminary injunction and the appeal of the preliminary injunction are moot. Motion at 5–6. On March 18, 2019, Dodocase filed its response to MerchSource's Motion, ECF No. 57 ("Response"), arguing that the case was not moot because DDC "filled the shoes of" Dodocase. Response at 4, 13–14. MerchSource filed its reply on March 22, 2019, ECF Nos. 61, 62 ("Reply").

We have jurisdiction pursuant to 28 U.S.C. §§ 1292(c)(1) and 1295(a)(1).

## II

We review a grant of a preliminary injunction for an abuse of discretion. *Abbott Labs. v. Sandoz, Inc.*, 544 F.3d 1341, 1345 (Fed. Cir. 2008) (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931–32 (1975)).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

The district court's order granting Dodocase's motion for preliminary injunction also presents an issue of interpreting the MLA. "General contract interpretation is not within the exclusive jurisdiction of the Federal Circuit." *Texas Instruments Inc. v. Tessera, Inc.*, 231 F.3d 1325, 1329 (Fed. Cir. 2000). The Supreme Court has held that "the interpretation of private contracts is ordinarily a question of state law." *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 474 (1989). Furthermore, the governing law clause states that "[t]he laws of the State of California shall govern any dispute arising out of or under this Agreement . . . ." J.A. 435 § 13.4. We therefore apply California state law to interpret the MLA. Under California state law, contracts are interpreted without deference on appeal. *See Texas Instruments*, 231 F.3d at 1329.

## III

We first address MerchSource's appeal of the district court's grant of Dodocase's motion for preliminary injunction.

As to the likelihood of success on the merits element, the district court found that Dodocase was likely to succeed on its claim that MerchSource filed the PTAB petitions in violation of the forum selection clause of the MLA. *Dodocase*, 2018 WL 1475289, at *5–10. The key issue before the district court and on appeal is whether the forum selection clause extends to PTAB proceedings. The district court interpreted the forum selection clause of the MLA to cover PTAB proceedings. *Id.* at *7–8.

The forum selection clause of the MLA states that "[t]he laws of the State of California shall govern any dispute *arising out of or under* this Agreement." J.A. 435 § 13.4 (emphasis added). The district court identified the relevant question as whether the PTAB petitions constitute a "dispute" that "aris[es] out of or under" the MLA. *Dodocase*, 2018 WL 1475289, at *7.

On appeal, MerchSource argues that PTAB challenges do not "aris[e] out of or under" the MLA and that, therefore, the forum selection clause does not cover PTAB proceedings. Appellant's Br. 12–21. Specifically, MerchSource argues that a PTAB challenge "does not arise from or out of the MLA; does not depend on the MLA; does not require any analysis, construction, interpretation or enforcement of the MLA; and, simply stated, does not relate to the MLA." *Id.* at 12. MerchSource argues that Dodocase "distort[s] the inquiry" from the correct question of "whether the dispute brought on by MerchSource—a dispute over the validity of the DODOCASE Patents—arises out of or under the MLA." Appellee's Br. 12; *see also id.* at 19.

We have previously interpreted a governing law clause with similar language. *See Texas Instruments*, 231 F.3d at 1331. The governing law clause in *Texas Instruments* lists "disputes, controversies, claims or difference[s] which may *arise from, under, out of or in connection with* this Agreement." *Id.* (emphasis added). In *Texas Instruments*, we explained that:

> the governing law clause of the license agreement is not limited to license related issues such as the amount of royalty due, term of agreement, and cross-licensing. . . . Patent infringement disputes do arise from license agreements. There may be an issue, as here, of whether certain goods are covered by the licensed patents; or the licensee may elect to challenge the validity of the licensed patents. Thus, the governing law clause in the present case, as in any patent license agreement, necessarily covers disputes concerning patent issues.

*See id.* (citations omitted). Applying California law, we found that the forum selection clause at issue, which used the language "arise from, under, out of or in connection with this Agreement," encompassed ITC proceedings initiated after the license agreement was executed. *See id.*

at 1331–32. Here, the district court did not err in concluding that the language of the forum selection clause of the MLA, which used similar language, "arising out of or under this Agreement," encompassed PTAB proceedings.[3]

We therefore affirm the district court's holding on the first preliminary injunction requirement that Dodocase was likely to succeed on the merits of its claim that MerchSource violated the forum selection clause of the MLA by filing the PTAB petitions.

Turing to the second requirement, irreparable harm, Dodocase argued at the district court that it would be irreparably harmed without an injunction because it would be forced to litigate on multiple fronts (PTAB and district court) and would be deprived of its bargained-for forum. *Dodocase*, 2018 WL 1475289, at \*11. MerchSource argues on appeal that there is no irreparable harm in a patent owner having to defend its patents before the PTAB. *See* Appellant's Br. 28–33. The district court evaluated the alleged harm to Dodocase, including the hardships "manifest in the need to defend a challenged patent on multiple fronts at the same time" and the fact that Dodocase was a small company with limited employees and resources, and determined that Dodocase established that it would be irreparably harmed in the absence of an injunction. *See Dodocase*,

---

[3] At oral argument, MerchSource asserted that *Texas Instruments* was distinguishable because the language in the *Texas Instruments* agreement also included "in connection with," making it broader than the language in the MLA in this case. *See* Oral Argument at 9:56–10:51, 12:49–13:21, *Dodocase VR, Inc. v. MerchSource, LLC* (No. 2018-1742), http://www.cafc.uscourts.gov/oral-argument-recordings. This minor distinction does not make the reasoning in *Texas Instruments* interpreting very similar language any less applicable to this case.

2018 WL 1475289, at *11. The district court did not abuse its discretion in evaluating irreparable harm.

The third requirement for a preliminary injunction is that the balance of the equities tips in the movant's favor. The district court weighed the alleged harm to Dodocase, described above, against the alleged harm to MerchSource, specifically MerchSource's contention that the requested injunctive relief of withdrawing the PTAB petitions and moving to dismiss the PTAB proceedings would result in their inability to ever pursue PTAB review because of the one-year time bar of 35 U.S.C. § 315(b). *Id.* at *11–12. On appeal, MerchSource raises the same alleged harm of being barred from refiling because of the one-year statutory bar of § 315(b). Appellant's Br. 34. While we acknowledge MerchSource's concern, we find that the district court did not abuse its discretion in determining that the balance of hardships tipped in favor of granting the preliminary injunction.

On the final requirement, whether the preliminary injunction is in the public interest, the district court noted the public interest in enforcing contractual rights and obligations. *See Dodocase*, 2018 WL 1475289, at *12. The district court also considered the fact that MerchSource would be able to challenge the validity of the patents in the district court and that independent third parties could initiate separate PTAB proceedings as relevant to the public interest analysis. *See id.* The district court did not abuse its discretion in determining that the public interest supported granting a preliminary injunction.

We have considered MerchSource's remaining arguments and find them unpersuasive. We conclude that the district court did not abuse its discretion in granting a preliminary injunction on this record. We therefore affirm the district court's grant of the preliminary injunction.

We remand, however, for the district court to modify the preliminary injunction order to provide new deadlines

to take the ordered actions. The district court ordered MerchSource to take the following actions by certain deadlines: "(1) send the email to the PTAB by Sunday March 25, 2018 requesting a conference call to facilitate the withdrawal of the PTAB Petitions, and (2) if the PTAB grants permission to file motions to dismiss the petitions, then file the motions by 12:00 p.m. on April 3, 2018." *Id.* at \*14. These dates have since passed. We remand for the district court to modify the preliminary injunction order to provide new deadlines to promptly take the prescribed actions.

IV

We now turn to MerchSource's Motion. MerchSource argues that the preliminary injunction and the appeal of the preliminary injunction are moot because Dodocase assigned the rights in the patent to DDC who became the patent owner in the PTAB proceedings. Motion at 5–6. While styled as a "Motion and Observation of Mootness," MerchSource's Motion simultaneously asks us to dismiss the appeal for lack of jurisdiction and vacate the district court's preliminary injunction order. *See id.* at 2.[4] We cannot vacate the preliminary injunction, as MerchSource asks us to do, unless we have the jurisdiction that MerchSource claims we lack. We conclude that we do have jurisdiction and that the case is not moot. The Motion is accordingly denied.

MerchSource's Motion does, however, note that the ownership of the patents licensed under the MLA has changed from Dodocase to DDC. MerchSource's Motion presents this change in ownership only in the context of its

---

[4]    MerchSource later seemed to concede that the case is not moot when it argued, "[n]otwithstanding mootness, there is still a dispute between Dodocase and MerchSource as to whether the filing of the PTAB proceedings was a breach of the MLA's forum selection clause." Motion at 5.

mootness argument; it does not argue that the change in ownership means that the district court erred in granting the preliminary injunction or that it must be reconsidered or modified.

## V

For the foregoing reasons, the district court's grant of a preliminary injunction is affirmed. Our stay of the preliminary injunction is lifted. However, we remand for the district court to modify the preliminary injunction order to provide new deadlines to promptly take the prescribed actions.

**AFFIRMED AND REMANDED**

### COSTS

The parties shall bear their own costs.